IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNN A. VAN TASSEL,            )<br>                    Petitioner,      )<br>                                           )<br>          v.                              )<br>                                           )<br>HON. JUDGE THOMAS A. PICCIONE,   )<br>et al.,                                    )<br>                    Respondents.   )  | Civil Action No. 11-1516 |

O R D E R

On November 29, 2011, Petitioner Lynn A. Van Tassel filed a petition for writ of habeas corpus, challenging a 90-day term of incarceration imposed on her on November 17, 2011 in the Court of Common Pleas of Lawrence County, Pennsylvania, as a result of a contempt charge that arose in No. 20288 of 2008, D.S.B., a support proceeding between Petitioner and her ex-husband.  She names as respondents the Honorable Thomas M. Piccione, the judge who imposed the sentence, and the Attorney General of the State of Pennsylvania.

On January 31, 2012, Judge Piccione filed a "motion to strike the Honorable Thomas M. Piccione from the caption or, in the alternative, motion to dismiss" (ECF No. 16), along with a brief in support (ECF No. 17), in which he argues that: 1) he is not a proper respondent in a federal habeas case because he is not Petitioner's custodian; 2) Petitioner is not "in custody" because she was released from jail and electronic monitoring on January 4, 2012; and 3) Petitioner has appealed the November 17, 2011 order to the Pennsylvania Superior Court and therefore she has not exhausted her state court remedies.  A briefing order was entered, giving Petitioner until February 22, 2012 to respond (ECF No. 18).

On February 20, 2012, Petitioner filed two pleadings, a motion for expedited evidentiary hearing (ECF No. 26) and a motion to compel filing of state court/agencies records (ECF No.

27).  In the first motion, she contends that, contrary to Respondent's representation, she was sentenced based on a charge of criminal contempt without due process of law, and she requests that this Court hold an evidentiary hearing prior to March 6, 2012, the next date she is scheduled to appear in the Court of Common Pleas on her ex-husband's "motion to reinstate sentence."  In the second motion, she asserts that the state court records forwarded to this Court by the Clerk of Court for Lawrence County at the request of the District Attorney are incomplete because various transcripts are missing, as are her appellate briefs, petitions for allocatur, petitions for review and "a petition for writ of error coram vobis" she filed in the Pennsylvania Supreme Court.  She requests that this Court order the District Attorney to submit further state court records.

Unfortunately, neither Petitioner's submissions nor Respondent's motion to strike/dismiss are sufficient to guide this Court in the resolution of this unusual case.  First, contrary to Respondent's representation, the documents submitted indicate that Petitioner appears to be "on bail" from a "sentence" and therefore she is "in custody" for purposes of a habeas corpus case.  See United States ex rel. Wojtycha v. Hopkins, 517 F.2d 420, 423 (3d Cir. 1975) (petitioner released on bail is in custody for habeas purposes); see also Duncan v. Walker, 533 U.S. 167, 176 (2001) ("federal habeas corpus review may be available to challenge … a state court order of civil contempt.").  Second, because Judge Piccione has jurisdiction over Petitioner's case and is responsible for imposing her conditions of confinement, he may will qualify as a proper respondent in a habeas case.  See Reimnitz v. State's Attorney of Cook County, 761 F.2d 405, 409 (7th Cir. 1985) (circuit court of Cook County, which released the petitioner on bail, was proper custodian); see also Barry v. Bergen County Probation Dep't, 128 F.3d 152, 163 (3d Cir. 1997) (citing Reimnitz for the proposition that: "The important thing is

not the quest for a mythical custodian, but that the petitioner name as respondent someone (or some institution) who has both an interest in opposing the petition if it lacks merit, and the power to give the petitioner what he seeks if the petition has merit-namely, his unconditional freedom.") Third, although Petitioner has not exhausted her state court remedies, she appears to be in the process of doing so, and Respondent has not addressed the merits of Petitioner's claim, which by statute can be denied on the merits regardless of a failure to exhaust remedies.  28 U.S.C. § 2254(b)(2).  See Carrascosa v. McGuire, 520 F.3d 249, 255 (3d Cir. 2008) (reaching the merits of petitioner's claim based on her incarceration for civil contempt despite her failure to complete exhaustion of state court remedies at the time petition was filed).  Finally, Respondent has not adequately explained the nature of the contempt proceeding and what Petitioner's remedies are under state law.  See United States v. Harris, 582 F.3d 512, 514-15 (3d Cir. 2009) (discussing distinctions between civil and criminal contempt).  Therefore, the Court will dismiss the motion to dismiss and order Respondent to submit an answer to the petition that addresses these questions.

On the other hand, Petitioner cannot obtain an expedited evidentiary hearing in this Court in an attempt to "stay" (that is, enjoin) the state court from adjudicating the matter scheduled for March 6, 2012, which would be an improper intrusion upon the proceedings in state court.  See Evans v. Court of Common Pleas, Del. County, Pa., 959 F.2d 1227, 1234 (3d Cir. 1992) (federal habeas intervention in ongoing state court criminal proceedings is barred by the abstention doctrine of Younger v. Harris, 401 U.S. 37, 44 (1971)).  Moreover, the state court records do not need to be supplemented.  Rather, if Petitioner wishes to have this Court review documents filed in state court that are not already in the record, she should attach such documents to her response to the answer.

AND NOW, THEREFORE, this 22nd day of February, 2012,

IT IS HEREBY ORDERED that Respondent's motion to strike the Honorable Thomas M. Piccione from the caption or, in the alternative, motion to dismiss (ECF No. 16) is dismissed.  Respondent shall file an answer to the petition by March 14, 2012.  This answer shall address the following issues: 1) whether Petitioner is "in custody" for purposes of federal habeas corpus; 2) whether Judge Piccione can be a proper respondent in this case and, if not, who the proper respondent would be; 3) what the precise nature of Petitioner's contempt is (civil or criminal, direct or indirect), what are her available state court remedies and whether she has exhausted them; and 4) the merits of her claim.  Petitioner may file a response to the answer by April 4, 2012.

IT IS FURTHER ORDERED that Petitioner's motion for expedited evidentiary hearing (ECF No. 26) is denied.

IT IS FURTHER ORDERED that Petitioner's motion to compel filing of state court/agencies records (ECF No. 27) is denied.

s/Robert C. Mitchell\
ROBERT C. MITCHELL\
United States Magistrate Judge