IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LYNN A. VAN TASSEL, )
    Petitioner, )
     )
    v. ) 2:11-cv-1516
     )
HON. JUDGE THOMAS M. PICCIONE, )
et al., )
    Respondents. )

MEMORANDUM and ORDER

Mitchell, M.J.:

    Lynn A. Van Tassel who at the time she filed the instant petition was an inmate in the Lawrence County Jail and has since been released, has presented a petition for a writ of habeas corpus. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

    The instant petition was executed on November 25, 2011 and has been followed by a large number of filings. In addition to inundating this Court with pleadings the petitioner has also swamped the courts of the Commonwealth with a vast volume of litigation all relating to a domestic relations dispute and her ultimate incarceration for civil contempt. The factual background leading to her incarceration is set forth in the June 23, 2008 Opinion of the Court of Common Pleas (Answer Exhibit A):

> On October 12, 2007, this Court Ordered the Defendant [petitioner's former spouse] to pay to the Pennsylvania State Collection and Disbursement Unit the sum of $731.21 per month, which Order consisted of $718.21 for current support and $20.00 for arrears. Arrears were set in the sum of $1,196.48 as of October 12, 2007.
>
> On December 11, 2007, Plaintiff [petitioner] filed a Praecipe for Judgment in favor of Plaintiff and against Defendant, for support arrearages in the sum of $1,305.36
>
> The Plaintiff then filed a Praecipe for Writ of Execution (Money Judgments), in the Office of the Prothonotary of Lawrence County, which Writ of Execution

1

directed the Sheriff of Lawrence County to attach the real property of the Defendant, for the principal and interest due as of December 10, 2007, in the sum of $1,305.36, plus Domestic Relation's cost of $5.00.

On January 10, 2008, the Defendant filed a Petition to Correct Judgment, pursuant to Pa.R.C.P. 1910.24(b).

The Petition to Correct Judgment alleges that no overdue "support exists under the Support Order and as contemplated by Pennsylvania Rule of Civil Procedure 1920.24(a)," and alleges that the written certification that accompanied the entry of the Judgment and which was provided to the Prothonotary of Lawrence County by the Plaintiff at the time of entry of Judgment does not show that the defendant/ obligor owes overdue support pursuant to an Order of Court as required by Pa.R.C.P. 1910.24. The Petition goes on to further allege that judgment was entered erroneously, that there is a mistake in the amount of overdue support, and that the Judgment should not have been entered.

Pursuant to the Petition to Correct Judgment, the Court entered its Order of January 8, 2008, referring the matter to Conference Officer as contemplated by Pa.R.C.P.1910.24(b); the Judgment entered on December 11, 2007, was stricken, and the Sheriff's Sale scheduled for January 16, 2008, was stayed/cancelled.

In addition, pursuant to said Petition to Correct Judgment, the Defendant asked the Court to impose attorney's fees against the Plaintiff.

On January 15, 2008, the Plaintiff filed a Motion for clarification/ reconsideration, which was denied by the Court pursuant to Order of February 5, 2008.

The Domestic Relation Conference to consider the Petition to Correct Judgment was scheduled for February 20, 2008.

The Plaintiff also filed a Motion for Dismissal of Hearing, alleging that Defendant is not entitled to attorney's fees in this matter, blaming counsel for Defendant for dragging the matter on. That Motion was dismissed by Order of Judge Wherry, March 14, 2008.

The Domestic Relations Section scheduled a Conference on February 20, 2008, to resolve the issues of past due support. Pursuant to information found in the PACSES computer on March 3, 2008, the Defendant's "normal arrears" or "past due support" was determined by Domestic Relations Section to be the sum of $234.43. this Court entered an Order on March 3, 2008, in that regard, and in addition, Ordered that all provisions of the current Order dated October 12, 2007, shall remain in full force and effect. The March 3, 2008, Order was effective February 20, 2008, that being the date of the Conference.

Pursuant to the March 3, 2008, Order, the Defendant was given until March 26, 2008, to request a hearing DeNovo before the Court.

On March 12, 2008, the Defendant filed a Demand for a Hearing before the Courts, from the Order entered on March 3, 2008.

In addition, on March 12, 2008, at case number 20288 of 2008, D.S.B., Plaintiff filed a Praecipe for Judgment in favor of Plaintiff and against Defendant for overdue support, in the sum of $234.43, plus interest at 1.5% per month from December 11, 2007, plus costs. Attached to the Praecipe for Judgment was a Certificate of Arrearage of Larry Troggio, Director of the Lawrence County Domestic Relation Section, certifying that arrearages on the above case as of March 11, 2008, totaled $234.43, overdue support. In addition, attached to the Praecipe for Judgment is a letter dated March 11, 2008, from Larry Troggio, Director of the Domestic Relations Section to Helen I. Morgan, Prothonotary and Clerk of Courts, relative to this matter, stating that the Defendant is in compliance with the Court Order and paying as required through the Domestic Relation Section. Attached to the Order of March 3, 2008, is the Summary of Tryer of Fact, prepared by the Domestic Relations Conference Officer, which provides as of March 3, 2008, the Defendant owed past due support in the amount of $234.43. at no time did the Domestic Relations Conference Officer make a determination whether overdue support was due on December 11, 2007, as contemplated by Rule 1910.24(b) in the Order.

The first time that Plaintiff attempted to take judgment on March 11, 2008, Plaintiff did not have an appropriate written certification showing the Defendant owed "overdue support," to an order of court as required by Pa.R.C.P. 1910.24(a).

Subsequently, Plaintiff obtained from Domestic Relations Director Larry Troggio, a Certificate of Arrearage dated as of March 11, 2008, showing the overdue support to be $234.43. This Certificate of Arrearage was inconsistent with conclusion of the Domestic Relation Officer and the Domestic Relation Order entered by this Court on March 3, 2008. Based upon that Certificate and Praecipe for Judgment, the Prothonotary had entered Judgment in favor of the Plaintiff and against the Defendant on March 12, 2008, in the sum of $234.43.

On March 28, 2008, the Defendant filed a subsequent Petition for Special Relief once again requesting the Court to strike the Judgment pursuant to Pa.R.C.P. 1910.26(b) and requesting attorney's fee for obdurate and vexatious conduct by the Plaintiff.

Pursuant to Order dated March 28, 2008, this Court struck the Judgment entered on March 12, 2008, and scheduled a Hearing to determine whether Defendant is entitled to attorney's fees, and on the issue of whether Plaintiff may enter judgment against the Defendant in this case.

On May 8, 2008, this Court conducted a Hearing on both issues, taking testimony from the Plaintiff and her witnesses.

The Plaintiff testified that the arrearages in this case date back to 2005, and that she is not acting vindictively in her pursu[it] of judgment in this matter.

The Plaintiff testified that on December 11, 2007, when she picked up the Certificate of Arrearage from the Domestic Relations Section, showing the arrears in the sum of $1,305.36, that she knew this figure was incorrect, and that the correct figure should have been $653.75. N.T. 83-84. It is Plaintiff's position that the Certificate of Arrearages was incorrectly computed by Domestic Relations. The Plaintiff asserted that she has availed herself of her lawful remedies in this case and that it is Domestic Relations, as well as everyone else in the case, making the mistakes.

On cross-examination, the Plaintiff admitted that she had read the Rules of Civil Procedure prior to filing the Praecipe for Judgment at the Prothonotary's Office and that she was aware that the arrearage figure of $1,305.36, gave no indication of overdue support. Despite having read the Rules of Civil Procedure first, the Plaintiff admitted that she knew that when she filed the Praecipe for Judgment, that she knew it was incorrect. N.T.83.

The Plaintiff also represented herself at the February 20, 2008, Domestic Relations Conference, following which the Order of March 3, 2008, was entered showing past due support in the sum of $234.42. the Plaintiff also acknowledged knowing that she knew that an appeal could be taken any time prior to March 26, 2008.

The Plaintiff's testimony was that on March 11, 2008, she attempted to have the Prothonotary enter Judgment on her behalf, and that she had received the Certificate of Arrearages from the Domestic Relations' Office on March 11, 2008, originally showing no overdue support. The Plaintiff acknowledged that she insisted the Prothonotary enter Judgment, and after her persisting in her demands, received a letter from Larry Troggio … and as a result of said persistence received a Certificate of Arrearages in the sum of $234.43. The Plaintiff went on to admit that as of March 12, 2008, when she entered Judgment, she was aware that the Defendant had requested a hearing before the Court but that she proceeded nevertheless to insist that Judgment be entered on her behalf.

Tracy Hromyak, Domestic Relations Establishment Supervisor for the past 20 years, testified that in order to receive a proper certificate of arrearages, it is necessary to manually enter the PASCES system to exclude "overdue support", in that the computer system includes in the case balance arrearages, retroactive arrears, the case balance, and overdue support.

Ms. Hromyak testified that the certificate of arrearage does not include the overdue support, but includes the current month's support entered as of the first day of each month into the arrearage calculation.

Ms. Kathleen Hogue, Office Manager at the Domestic Relations Office, testified from her review of the records, that on December 11, 2007, that the overdue/ normal support was the sum of $342.43; that retroactive arrearages were $244.72; and that the current arrearages were $547.84. Ms. Hogue also testified that the current support orders are paid first, then the arrearages are paid in the order of normal arrearages and retroactive arrearages.

Upon cross-examination, Ms. Hogue testified that the overdue support as of December 11, 2007, was the sum of $342.43.

Ms. Hogue also testified that as of February 28, 2008, Defendant was in full and total compliance with the Support Order, and that he had made payment in full of all retroactive arrears in the sum of $244.72. N.T.57-58.

On the second issue, Attorney Manolis testified relative to his standing in the community as a lawyer, and that his rate for services rendered in this type of case is the sum of $210.00 per hour for himself, and the sum of $150.00 per hour for his partner, Attorney Ted Saad, Jr.

The Plaintiff's Exhibit No.1 consists of a Statement for Services Rendered by the Defendant's law firm, Verterano & Manolis, in the sum of $4,770.00 in fees, plus $145.70 in expenses…

At this time, in that the Defendant has paid in full the arrearages in this case, the only thing pending for collection by the Plaintiff are the costs in this case, that being $244.12.

In addition, the Plaintiff asserts that she should not be required to pay the Defendant's fees just because Domestic Relations did not know how to act in this case…

The Defendant argues that the Plaintiff's entry of judgment on December 11, 2007 was erroneous, in that even considering the sum of $1,305.36, that figure included the current months support payment of $731.21, as a result, even with that calculation, as only the sum of $567.15 would be overdue support.

In addition, the Defendant argues that the judgment entered on March 12, 2008, was again erroneously entered, in that the Plaintiff's own testimony admits that she knew that the figures were not correct at that time, and that there was a pending appeal of the case, and that the Plaintiff knew that the Defendant has requested a DeNovo hearing prior to the entry of Judgment.

The Plaintiff argues on the attorney's fee issue, that the Defendant could have paid the arrearage balance and ended this case. However, the Defendant argues that both Judgments were entered improperly, that the Plaintiff knew that the Judgments were entered improperly, but did it anyway. The Defendant argues that he should not be expected to pay just whatever it is that Plaintiff says is due and owning, and that he has a right to challenge the entry of the improper Judgment.

\* \* \*

[T]he Court … make[s] its determination that the Plaintiff's entry of Judgment on March 12, 2008, as well as on December 11, 2007, was improper; not in accordance with the Rules of Civil Procedure; not in accordance with the Domestic Relations Statute; was necessarily stricken by the Court.

Accordingly, the Court will enter its accompanying Order confirming the striking of the Judgments in this case.

The Defendant has filed, in both of his Petitions to Correct Judgment, a request for attorney's fees, based upon the theory that the Plaintiff filed both Judgments without factual or legal authority…

As this Court has indicated at the beginning, this case has a history of acrimonious conduct and attempts by the Plaintiff to take advantage of situations which are neither legal nor proper.

The Court concludes that the Plaintiff has been acting in this litigation in a very spiteful manner, that her conduct is sufficiently within the requirement of a suit brought "vexatiously," and as such the Defendant is entitled to an award of attorney's fees.

The Defendant, through his counsel, presented evidence that the Defendant has incurred counsel fees in the sum of $4,770.00 plus expenses of $145.70. Based upon the evidence as to Plaintiff's vexatious conduct in this matter, the Court determines that the Plaintiff shall be liable for Defendant's attorney's fees in the sum of $2,385.00…[1]

It is from these events that the incarceration which the petitioner seeks to challenge here arose.

As a result of the petitioner's failure to comply with the June 23, 2008 order as discussed above, on November 30, 2008, she was adjudicated in civil contempt, and the required attorney's

---

[1] It is difficult to comprehend how in this age of computers, the appropriate persons were unable to keep and maintain accurate records.

fees were increased to $3,952.50 plus legal interest if not paid within forty-five days.[2] An appeal was taken to the Superior Court which determined that her resistance to the order was meritless and concluded that she was not entitled to any relief.[3]

While this matter proceeded in the courts of the Commonwealth, the petitioner unsuccessfully sought a preliminary injunction or temporary restraining order in this Court to bar those proceedings.[4]

As a result of her continued failure to respect the orders of the Court of Common Pleas, on December 21, 2010 it was determined that the petitioner was in civil contempt, the award of counsel fees was amended to reflect the increased costs to $8,784.50 and the petitioner was sentenced to a ninety day period of incarceration, unless she paid the outstanding fees pursuant to a schedule established by the court.[5] Again an appeal was pursued in the Superior Court which Court on September 13, 2011, affirmed the finding of civil contempt regarding her failure to pay counsel fees.[6] A petitioner for allowance of appeal to the Pennsylvania Supreme Court was filed on December 21, 2011, and is still pending.[7]

Because of the petitioner's continued failure to respect the court orders, on November 17, 2011, it was ordered that she begin serving her ninety her sentence on November 21, 2011 and additional attorney's fees were awarded.[8]

On January 4, 2012, following a hearing on petitioner's request to transfer her incarceration to house arrest or work release, the Court of Common Pleas entered an Order suspending her incarceration for civil contempt which order was to be immediately reinstated if the petitioner failed to commence making the required payments pursuant to a schedule established by the court. In addition the petitioner was released on her own recognizance bail and required to remain within the Commonwealth of Pennsylvania. It was further ordered that a compliance hearing be conducted on April 24, 2012.[9]

---

[2] See: Exhibit B to the answer.
[3] See: Exhibit C to the answer.
[4] See: Docket No. 2:09-cv-266. That determination was affirmed by the Court of Appeals on August 17, 2010. It is interesting to note that in the latter case the plaintiff paid both the $350 docketing fee in this Court as well as the $455 docketing fee in the Court of Appeals clearly demonstrating her ability to pay.
[5] See: Exhibit D to the answer.
[6] See: Exhibit F to the answer.
[7] While the respondent argues that petitioner has failed to exhaust the available state court remedies, where, as here the petition is denied on its merits such action may be taken despite a failure to exhaust. 28 U.S.C.§2254(b)(2).
[8] See: Exhibit H to the answer.
[9] See: Exhibit I to the answer.

Unlike criminal contempt which is designed to be punitive, International Union v. Bagwell, 512 U.S. 821 (1994), the purpose of civil contempt is securing compliance, Gompers v. Buck's, 221 U.S. 418 (1911). The Court in Bagwell explained that "the contemnor is able to purge the contempt and obtain his release by committing an affirmative act, and thus 'carries the keys of his prison in his own pocket.'" 512 U.S. at 828.

In a factually analogous case involving civil contempt for failure to pay an assessment in conjunction with a divorce, Chadwick v. Janecka, 312 F.3d 597, 613 (2002), cert. denied 538 U.S. 1000(2003) the Court wrote:

> Because the state courts have repeatedly found that Mr. Chadwick has the present ability to comply with the July 1994 state court order, we cannot disturb the state court's decision that there is no federal constitutional bar to Mr. Chadwick's indefinite confinement for civil contempt so long as he retains the ability to comply with the order requiring him to pay over the money at issue.

In the instant case, in its Order of January 4, 2012, the court observed that "the Plaintiff is employed by the Commonwealth of Pennsylvania through the Department of Public Welfare…"[10] In addition, in its Opinion and Order of June 20, 2008, the court referred to the support hearing conducted on August 7, 2007 and found no reason to alter its prior determinations other than the matter regarding additional attorney's fees.[11] Furthermore, in its September 13, 2011 Memorandum, the Superior Court refers to the issues raised by the parties but there is no indication that it was ever asked to address a claim of inability to pay to judgment.[12] Indeed, even in her petition to this Court, Van Tassel never argues that she is unable to pay but rather she seeks to challenge the state court's orders on due process grounds which were not argued in the appellate court.[13]

Thus, unless the petitioner demonstrates that she is unable to comply as opposed to being unwilling to do so, the determinations of the state courts are presumed correct.

---

[10] Id. It does appear that the petitioner's employ was terminated as a result of the contempt proceedings.
[11] See: Exhibit A to the answer.
[12] See: Exhibit F to the answer.
[13] See: Petition at ¶12 and Exhibit F to the answer. However, petitioner did testify that she had been earning $38,466; that she received almost $5000 for a gas lease; that in addition to her mortgaged home she owns 45 acres of land; that she had received $67,800 "up-front bonus money on that property;" that she mortgaged her home in 2008 for $141,000 which was used to pay off other loans (See: Petitioner's Exhibit F at p. 6,22,31,35,41 and 44.). Despite the exhaustive testimony presented no claim of inability to pay was even made nor did the court ever make such a determination. (See: Transcripts of the the seven hearings held on this matter between May 8, 2008 and March 6, 2012 at Petitioner's Exhibits C,F,H,J,P,T and W).

Chadwick, supra., 28 U.S.C.§ 2254(e)(1). Because the petitioner has failed to make such a showing here, her petition will be dismissed.

An appropriate Order will be entered.

ORDER

AND NOW, this 9th day of May, 2012, for the reasons set forth in the foregoing Memorandum, IT IS ORDERED that the petition of Lynn A. Van Tassel for a writ of habeas corpus is DISMISSED, and it is further Ordered that because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability is DENIED.

s/ Robert C. Mitchell<br>
United States Magistrate Judge